# Atkinson *v.* The State.

## *Indictment for Murder.*

1. *Pleading and practice in criminal cases; insufficient record recital; dismissal of appeal.*—The transcript of a record in a criminal case begins with the recital of the organization of the Circuit Court at its regular Fall Term in 1896, and recites that at said term there "were had the following proceedings," among which was included the finding of the indictment in the case. Next following the minute entry of these proceedings was the order directing that an adjourned term of the court be held beginning January 31, 1898. This order was without date, and without recital to show when or by what court or judge it was made. Following this last order, there was, under date of November 6, 1897, an order setting February 9, 1898, for the defendant's trial, and also an order that the court be adjourned until January 31, 1898. A recital in the minutes of the court under date of January 31, 1898, stated that the Fall Term, 1897, had been adjourned to that date. *Held:* That the record does not show that the order prescribing the period of the adjourned term was made at the Fall Term of 1897, and without such order the validity of the adjourned term and the proceedings thereat are not shown, and there not being sufficient shown to sustain an appeal, the appeal in such case should be dismissed.

APPEAL from the Circuit Court of Butler.

Tried before the HON. JOHN R. TYSON.

The appellant in this case was indicted and tried for murder, was convicted of murder in the first degree and sentenced to the penitentiary for life. The facts disclosed by the record, so far as they relate to the only question reviewed on the present appeal, are sufficiently shown in the opinion.

CHAS. B. PARKHILL and D. M. POWELL, for appellant.

[Atkinson v. The State.]

CHAS. G. BROWN, Attorney-General, for the State.

SHARPE, J.—The transcript of the record in this case begins with recitals of the organization of the circuit court for Butler county at its regular Fall Term in 1896, and also recited that at that term "were had the following proceedings." Next following the minute entry of those proceedings which included the finding of this indictment, appears what purports to be an order directing among other things that an adjourned term be held beginning January 31st, 1898. This order as it appears in the transcript, unless it be referable for its date and authority to the preceding recitals is without date, and without recitals to show when or by what court or judge it was made. It could have no validity as relating to the Fall Term of the circuit court for 1896, under the caption and date of which it is placed, since the term could not have been adjourned beyond the regularly succeeding terms. The regular term is limited by the statute and the authority for prolonging the term by adjournment to a future day is given only by the statute which empowers the judge of the court to make the appropriate order therefor which order the statute provides when entered upon the minutes shall be notice of the same.—Code, § 917. In the absence of record evidence of such order appearing as of the term to be adjourned it must be presumed that the term expired with the period fixed by the statute for its sitting.

Following the order in question and under the date of November 6th, 1897, is an order setting February 9th, 1898, for defendant's trial, and also an order, "that this court be adjourned until Monday, January 31st, 1898," and there is a recital of date January 31st, 1898, that the Fall Term of 1897 had been adjourned to that date. We cannot hold, however, in opposition to other recitals of the record that the order prescribing the period of the adjourned term was made at the Fall term of 1897. Without such order the validity of the adjourned term and the proceedings thereat are not shown and are not such as to sustain an appeal. This appeal will, therefore, be dismissed. If the minutes of the Fall Term, 1897,

really show the necessary order adjourning the term to
the time the trial was had, then it would appear that a
mere omission has occurred in the transcript and the dis-
position here made of the case will in no way ·affect the
judgment of conviction and sentence.

Appeal dismissed.